Date Signed:
October 26, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ANTHONY S. DANIEL,<br><br>        Debtor. | Case No. 15-00963<br>Chapter 7 |
| MARK FUKUDA,<br><br>        Plaintiff,<br><br>vs.<br><br>ANTHONY S. DANIEL,<br><br>        Defendant. | Adv. Pro. No. 15-90052<br><br>Re: Docket No. 192 |

## MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On August 31, 2016, Defendant Debtor Anthony Daniel filed this motion

for summary judgment on the First Amended Complaint ("FAC") which seeks to

make Plaintiff Mark Fukuda's claim nondischargeable pursuant to section 523, deny discharge under section 727,[1] and award damages to Mr. Fukuda. I will grant summary judgment in favor of Mr. Daniel on all remaining claims stated in the complaint and dismiss the remaining count of Mr. Daniel's counterclaim.

## I. BACKGROUND

### A. Facts

As stated in my previous order,[2] the following facts are undisputed and are established for all purposes of this adversary proceeding.

Mr. Fukuda was the real estate agent for Mr. Daniel in Mr. Daniel's attempt to purchase the property located at 360 Puuikena Drive, Honolulu, Hawaii 96821 (the "Property"), from Nitto Tsushinki Co., Ltd. ("Seller"). Mr. Daniel's letter appointing Mr. Fukuda as his agent is dated May 25, 2006. Mr. Fukuda also acted as mortgage solicitor for Mr. Daniel to obtain financing for the proposed purchase. Mr. Fukuda opened an escrow account with Title Guaranty to close a sale transaction under a Deposit Receipt, Offer, and Acceptance ("DROA") between the Seller and Mr. Daniel dated May 24, 2006.[3]

Mr. Fukuda did not obtain a loan to finance the purchase. The transaction

---

[1] Dkt. No. 71.

[2] Dkt. No. 170.

[3] Dkt. No. 150-3 at 25-36.

2

U.S. Bankruptcy Court - Hawaii   #15-90052   Dkt # 222   Filed 10/26/16   Page 2 of 14

evidenced by the DROA dated May 24, 2006, did not close.

Mr. Fukuda did not renew his mortgage solicitor's license, so it expired on December 31, 2006.

Mr. Fukuda and Mr. Daniel had no contact from June 21, 2007, when a state court issued an Order Granting Petition for Mutual Injunction Against Harassment, until 2010, when Mr. Fukuda sued Mr. Daniel in state court.[4]

Mr. Daniel eventually obtained financing and purchased the property on December 7, 2007, without Mr. Fukuda's involvement.

**B. Mr. Daniel's Summary Judgment Motion**

Mr. Daniel seeks summary judgment on Counts 1 through 6 in the FAC. Counts 1 and 3 of the FAC seek nondischargeability pursuant to section 523(a)(2) and (a)(6), respectively. Counts 5 and 6 seek denial of the Mr. Daniel's discharge under section 727(a)(3) and (a)(4).

Count 2, the section 523(a)(4) claim, was previously withdrawn.[5]

Count 4 seeks "termination, annulment, or modification of the automatic stay."[6] Federal Rule of Bankruptcy Procedure 4001 requires that stay relief be

---

[4] Dkt. No. 161 at 22-23.

[5] Dkt. No. 170 at 3.

[6] Dkt. No. 71 at 5-6.

sought by means of a motion, not through a separate adversary proceeding.[7] Mr. Fukuda filed a motion for relief from stay in the bankruptcy case, which was denied.[8] Therefore, Mr. Daniel is entitled to summary judgment on Count 4.

## II. Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether there is a genuine issue for trial.[10] In applying this standard, evidence should be viewed in the light most favorable to the nonmoving party.[11] Where the evidence could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial.[12]

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

---

[7] Fed. R. Bankr. P. 4001(a) advisory committee's note.

[8] *In re Daniel*, No. 15-00963, Dkt. No. 16.

[9] Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056.

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

[11] *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1347 (2015)(citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[12] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

U.S. Bankruptcy Court - Hawaii   #15-90052   Dkt # 222   Filed 10/26/16   Page 4 of 14

that party will bear the burden of proof at trial.[13]

Although federal courts must generally construe pro se pleadings liberally,[14] a court does not have a duty to search the entire record to discover evidence that would create a factual dispute.[15]

## III. Nondischargeability under 11 U.S.C. § 523 (Count 1)

Section 523 of the Bankruptcy Code provides that certain kinds of "debt" are not dischargeable in bankruptcy. "Debt" means a "liability on a claim,"[16] and a "claim" is a "right to payment."[17]

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[15] Dkt. No. 173 at 8. I have given Mr. Fukuda additional latitude because he has provided a psychiatrist's report stating that he suffers from schizophrenia. Dkt.No. 150-4 at 36-42. Mr. Fukuda acknowledges that he "hears the angels," but he attributes this to "clairaudience," not schizophrenia. Dkt. No. 150 at 34. Mr. Fukuda moved for my recusal claiming that he was "psychically aware" that I was taking bribes from Mr. Daniel or his counsel in order to "ruin" this adversary proceeding. I denied the recusal motion because it failed to meet the standard for disqualification under 28 U.S.C. § 455 and applicable Ninth Circuit case law.

[16] 11 U.S.C. § 101(12).

[17] *Id.* § 101(5).

5

U.S. Bankruptcy Court - Hawaii   #15-90052   Dkt # 222   Filed 10/26/16   Page 5 of 14

### A. Section 523(a)(2)(A)

Section 523(a)(2)(A)[18] excepts from the discharge certain debts related to "false pretenses, a false representation, or actual fraud." To prevail under section 523(a)(2)(A), Mr. Fukuda must prove the following by a preponderance of the evidence:

(i) Misrepresentation, fraudulent omission, or the debtor's deceptive conduct;

(ii) Knowledge of the falsity or deceptiveness of his statement or conduct;

(iii) An intent to deceive;

(iv) Justifiable reliance by the creditor on the debtor's statement or conduct; and

(v) Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.[19]

A debtor's silence or concealment of a material fact can constitute a false

---

[18] Section 523(a)(2)(A) provides that a "discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

[19] *In re Deitz,* 760 F.3d 1038, 1050 (9th Cir.2014)(citing *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

6

representation which is actionable under § 523(a)(2)(A).[20]

Mr. Fukuda alleges that Mr. Daniel misrepresented or failed to disclose material facts regarding the sale.[21]

### 1. Nondisclosure of the Straw Sale

Mr. Fukuda alleges that Mr. Daniel failed to disclose that the May 2006 sale of the Property was a "straw sale" for which the Seller was going to provide Mr. Daniel with funding for the down payment. Mr. Fukuda has failed, however, to offer any evidence that the Seller was in fact going to provide down payment financing to Mr. Daniel; he submits evidence of wire transfers between the Seller and Mr. Daniel, but no evidence that any of those transfers was intended to be used for the down payment. Thus, there is no proof that the sale was going to be a "straw sale." Further, Mr. Fukuda has failed to offer any evidence that Mr. Daniel intended to deceive him or that this alleged omission actually injured him.

### 2. Mr. Daniel's Representation That He Had Sufficient Funds

Mr. Fukuda contends that Mr. Daniel falsely represented that he had sufficient funds to purchase the Property. Mr. Fukuda has failed, however, to offer any evidence that Mr. Daniel knew this representation was false, that he intended

---

[20] *In re Eashai*, 87 F.3d 1082, 1089 (9th Cir. 1996); *see Cooke v. Howarter (In re Howarter)*, 114 B.R. 682, 684 n.2 (9th Cir. BAP 1990).

[21] Mr. Fukuda alleges "severe financial, non-economic damages" for "mental and emotional pain and suffering" in the amount of $48 million dollars. Dkt. No. 71 at 3.

to deceive Mr. Fukuda, or that Mr. Fukuda suffered any damages as a result.

### 3. Mr. Daniel's Representation of Ownership in the Sonia Daniel Store

Mr. Fukuda alleges that Mr. Daniel initially represented that he held an interest in the Sonia Daniel store (where he worked during the time of the transaction) that would qualify him to obtain a loan to purchase the Property, then later stated that he held no interest in the store.[22] Mr. Fukuda offers no evidence, however, that Mr. Daniel knew his statements were false, that he intended to deceive Mr. Fukuda, or that the statements injured Mr. Fukuda.

### 4. Nondisclosure of the Short Sale

Mr. Fukuda claims that Mr. Daniel failed to disclose that the transaction was a short sale. Mr. Fukuda, as a licensed real estate agent and a mortgage solicitor, should have been able to determine the nature of the sale without Mr. Daniel disclosing it; thus, there is no evidence that Mr. Fukuda justifiably relied on Mr. Daniel's statements (or silence) on this topic. Further, Mr. Fukuda offers no evidence that Mr. Daniel knew his statements were false, that he intended to deceive Mr. Fukuda, or that the omission injured Mr. Fukuda.

---

[22] Mr. Fukuda's only evidence that Mr. Daniel held an interest in the Sonia Daniel store is a credit report that lists Mr. Daniel as employed at the Sonia Daniel store and labels him "partner." Dkt. No. 198-1 at 7.

U.S. Bankruptcy Court - Hawaii    #15-90052    Dkt # 222    Filed  10/26/16    Page 8 of 14

### 5. Nondisclosure of the Tree Encumbrance

Finally, Mr. Fukuda claims there was a tree encumbrance that the Seller failed to pay prior to listing the Property. Mr. Fukuda does not establish, however, that Mr. Daniel had a duty to disclose any encumbrances on the Property to his real estate agent, or that Mr. Fukuda justifiably relied on Mr. Daniel's silence; rather, one would expect the real estate agent to ascertain the state of title from a title report. Also, Mr. Fukuda offers no evidence that Mr. Daniel intended to deceive Mr. Fukuda, or that the omission injured Mr. Fukuda.

Mr. Daniel is entitled to summary judgment on the section 523(a)(2) claims.

### B. Nondischargeability under 11 U.S.C. § 523(a)(6) (Count 3)

A debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable.[23] The first question under section 523(a)(6) is whether there is a willful injury, which must entail a deliberate or intentional injury.[24] The required intent for willful injury is either the subjective intent to cause harm or the subjective knowledge that harm is substantially certain to occur.[25]

The second question is whether the debtor's conduct was "malicious." To

---

[23] 11 U.S.C. § 523(a)(6).

[24] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).

[25] *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1144-45 (9th Cir. 2002).

9

U.S. Bankruptcy Court - Hawaii   #15-90052   Dkt # 222   Filed 10/26/16   Page 9 of 14

prove that the debtor acted maliciously, the creditor must show four elements:

(1) a wrongful act;

(2) done intentionally;

(3) which necessarily causes injury; and

(4) is done without just cause or excuse.[26]

Mr. Fukuda claims that Mr. Daniel willfully and maliciously injured him by making a death threat and jabbing him with a sharp object. (Mr. Daniel denies that these things occurred.) Mr. Fukuda has failed, however, to offer any evidence of any actual mental or physical injury that Mr. Daniel inflicted on him or of any compensable loss that he suffered. Therefore, Mr. Daniel is entitled to summary judgment under section 523(a)(6).

## IV. Denial of Discharge under 11 U.S.C. § 727(a)(3) (Count 5)

Under § 727(a)(3), the court shall grant the debtor discharge unless:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.[27]

A creditor states a prima facie case under § 727(a)(3) by showing:

---

[26] *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001).

[27] 11 U.S.C. § 727(a)(3).

10

(1) that the debtor failed to maintain and preserve adequate records; and

(2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions.[28]

After showing inadequate or nonexistent records, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records.[29]

Mr. Fukuda argues that Mr. Daniel failed to produce all of the documents requested during discovery. Mr. Fukuda offers no evidence, however, that the absence of those documents "makes it *impossible* to ascertain [Mr. Daniel's] financial condition and material business transactions."

Further, I have previously ruled that Mr. Daniel made adequate efforts to produce the documents requested.[30] Thus, Mr. Daniel has carried his burden of proving justification.

Therefore, Mr. Daniel is entitled to summary judgment under section 727(a)(3).

## V. Denial of Discharge under 11 U.S.C. § 727(a)(4) (Count 6)

The court may not grant a discharge if the debtor knowingly and

---

[28] *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008)(citing *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994)).

[29] *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008).

[30] Dkt. No. 134.

fraudulently made a false oath or account in connection with the bankruptcy case.[31] To prevail on this claim, the plaintiff must prove four elements:

> (1) the debtor made a false oath in connection with the case;
>
> (2) the oath related to a material fact;
>
> (3) the oath was made knowingly; and
>
> (4) the oath was made fraudulently.[32]

A fact is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.[33] An omission or misstatement that detrimentally affects administration of the estate is material.[34]

Mr. Fukuda alleges that Mr. Daniel (1) falsely represented that he had no interest in the Sonia Daniel store; (2) failed to identify the person who is currently paying his rent; (3) failed to disclose his entire telephone bill; (4) failed to disclose that Mr. Fukuda recovered sanctions against Mr. Daniel in the state court litigation; (5) failed to list the Seller as a co-debtor in his schedules; and (6) failed to identify

---

[31] 11 U.S.C. § 727(a)(4)(A).

[32] *In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010) (quoting *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005)).

[33] *Id.* at 1198 (citing *In re Khalil*, 379 B.R. 163, 173 (9th Cir. BAP 2007)).

[34] *Id.* (citing *In re Wills*, 243 B.R. 58, 63 (9th Cir. BAP 1999)).

12

his current employer. But Mr. Fukuda offers no evidence whatsoever that these alleged falsehoods and omissions had any effect on the bankruptcy case. Therefore, Mr. Fukuda has failed to establish materiality.

Mr. Fukuda also claims that Mr. Daniel failed to list a car that he owns. Mr. Daniel has testified that he does not own a car but rather drives a car belonging to another person. Mr. Fukuda has offered no evidence that this testimony is false.

Mr. Daniel is therefore entitled to summary judgment under section 727(a)(4).

## VI. Counterclaim

Mr. Daniel also seeks summary judgment on his four-count counterclaim.[35] I previously ordered that all counts but the third count (incorrectly labeled as "Count IV") would be treated as affirmative defenses to the FAC.[36]

The third count (incorrectly labeled as "Count IV") alleges that Mr. Fukuda's complaint is frivolous and seeks recovery of attorneys' fees and damages. The prayer of the complaint cites section 523(d)[37] and 28 U.S.C. § 1927.[38] Section

---

[35] Dkt. No. 91. The counts are labeled I, II, IV, and V. There is no count III.

[36] Dkt. No. 148.

[37] Section 523(d) states:

If a creditor requests a determination of dischargeability of a *consumer debt* under

13

U.S. Bankruptcy Court - Hawaii   #15-90052   Dkt # 222   Filed 10/26/16   Page 13 of 14

523(d) applies only to an objection to the discharge of a consumer debt, and Mr. Daniel has not proven that this debt was a consumer debt. Section 1927 is inapplicable because the Ninth Circuit has held that the bankruptcy court is not a "court of the United States," as the statute requires.[39]

Therefore, Count IV of the counterclaim must be dismissed.

## VII. Conclusion

A separate final judgment shall enter providing that Mr. Fukuda shall take nothing on his complaint and Mr. Daniel shall take nothing on his counterclaim.

**END OF ORDER**

---

subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

[38] Section 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[39] *See In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992). Paragraph 41 of the complaint is part of count V, but seems intended to support the claim for sanctions in count IV. The laws cited in that paragraph, however, are inapplicable. HRS Chapter 480, which proscribes unfair and deceptive trade acts and practices, provides no legal basis for an award of damages for frivolous litigation. 18 U.S.C. § 152(4) is a criminal law provision that does not create a right of recovery in civil cases. Paragraph 41 also cites Fed. R. Civ. P. 11, but Mr. Daniel offers no evidence that he has complied with the safe harbor provisions of rule 11(c).

14

U.S. Bankruptcy Court - Hawaii   #15-90052   Dkt # 222   Filed 10/26/16   Page 14 of 14